In the Matter of the Application for an Order Vacating the Approval of an Order Dated January 7, 1892, Directed by THE STATE COMMMISSION IN LUNACY to THE BOARD OF COMMISSION-ERS OF CHARITIES AND CORRECTIONS OF KINGS COUNTY:

*Appeal — from a refusal of a Supreme Court justice to revoke an approval of an order of the State Commission in Lunacy.*

An appeal does not lie from a refusal of a justice of the Supreme Court to revoke an approval theretofore given by him to an order of the State Commission in Lunacy, nor would an appeal lie from a refusal of such justice to approve an order.

*Quære,* whether such an approval may be annulled by the justice making it.

Such approval or refusal to approve is not covered by sections 1347, 1348 and 1356 of the Code of Civil Procedure relating to appeals, nor is it an action or special proceeding within sections 3333 and 3334 of said Code.

APPEAL by The Board of Commissioners of Charities and Corrections of Kings County from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of May, 1893, denying its application for an order vacating the approval of an order dated January 7, 1892, directed by the State Commissioners in Lunacy to the Board of Commissioners of Charities and Corrections of Kings County.

*John A. Quintard,* for the appellant.

*S. W. Rosendale, Attorney-General,* for the respondent.

BROWN, P. J.:

There is no authority for this appeal and it must be dismissed.

Appeals lie to the General Term from orders made in actions or special proceedings in the cases specified in the Code. (Code Civ. Proc. §§ 1347, 1348, 1356.)

This is neither an action or special proceeding. (Code, §§ 3333, 3334.)

It is not prosecuted for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.

It was instituted by the service of a notice of motion, and its purpose was to secure from Mr. Justice CULLEN the revocation of an

approval theretofore given by him to an order of the State Commission in Lunacy.

The statute authorizes the issuing of an order by the commission in the cases therein enumerated, and provides that " before such order is issued it must be approved by a justice of the Supreme Court."

The order derives its efficacy from the approval of the justice, but it does not thereby cease to be an order of the Commission in Lunacy, and it does not become an order of the court.

No authority is given in the statute for an appeal from such an order to the Supreme Court, and none exists.

It is very clear that if a justice of the Supreme Court refuses to approve of the order no appeal lies from such refusal to the General Term.

Application may be made to other justices, but no appeal can be taken to this court if all refuse. If the order refusing approval should be reversed, the order of the Commission in Lunacy would derive its efficacy from the approval of the General Term, a thing which is not contemplated by the statute. It is equally clear, I think, that when the order is approved it is valid until the approval is revoked, but if the justice refuses to annul his approval, no appeal lies from such refusal. No such power is given to the General Term by the statute ; and the effect of a reversal of the order would be to annul the action of the commission, although it had the approval of the very officer named in the statute.

The Supreme Court is not a general arbiter of all disputes and controversies between parties. It can act only under the forms of law, and authority for its order must be found in the laws of the State. The general jurisdiction in law and equity given to it by the Constitution must be exercised in an action, and to give validity to matters in which its orders are sought in other forms and proceedings, statutory authority must exist for its action.

We have not been referred to any law which gives to the court supervision over the orders of the Commission in Lunacy, and a careful search has failed to find any.

It is not intended to decide that a justice of the court, who approves an order of the commission, may not subsequently annul or revoke that approval. We express no opinion upon that ques-

tion.    But assuming that he has such power, his refusal to revoke his approval is not appealable to this court.

The appeal must be dismissed.

All concurred.

Appeal dismissed.